UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEONARDO SANTANA-MADERA,

                          **Petitioner,**

  v.                                                               9:12-CV-00186
                                                                       (MAD/RFT)

**ERIC HOLDER**, Attorney General;
**JANET NAPOLITANO**, Secretary, Dep't. of
 Homeland Security;
**U.S. ICE FIELD OFFICE DIRECTOR**, New York
 Field Office;
**WARDEN LEE VAUGHN**, Cibola Corr. Center;
**FEDERAL BUREAU OF PRISONS**;

                          **Respondents.**
_____

**APPEARANCES:**

**LEONARDO SANTANA-MADERA**
**04629-052 300A 105L**
CCA/Cibola County Correctional Center
P.O. Box 3540
Milan, New Mexico 87021
Petitioner *pro se*

**HON. MAE A. D'AGOSTINO, U.S. District Judge**

## ORDER

       Petitioner Leonardo Santana-Milan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. He is confined at the Cibola County Correctional Center in New Mexico and has paid the required filing fee.

       In October 1993, Petitioner was convicted of conspiracy to distribute cocaine and related charges and was sentenced to serve 324 months in prison. *See United States v.*

*Leonardo Santana-Medera*, No. 5:92-CR-00245, Dkt. No. 176 (NPM).  On December 20, 2001, the sentence was reduced to 292 months.  *See id.* at Dkt. Nos. 250-51.  On December 19, 2011, Petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c)(2) was denied.  *See id.* at Dkt. Nos. 262-63.[1]

Although Petitioner states that he is not challenging his conviction or sentence in his petition, he appears to be asking that the Court adjust his sentence by granting a downward departure of up to four points in accordance with 18 U.S.C. § 3553(a)(6) and the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007).  *See* Dkt. No. 1 at 5-6, 7.  Petitioner's request is substantially similar to that made in his prior motion for a reduction of sentence, and has already been denied.  *See Santana-Medera*, No. 5:92-CR-00245, Dkt. Nos. 262-63.  His renewed request for a sentence reduction is denied.

Petitioner also claims that his due process rights are being violated based upon policies in place at the Cibola Correctional Center.  Specifically, Petitioner states that the Cibola Correctional Center has two videoconferencing systems installed for the sole purpose of holding hearings pursuant to the Institution Hearing Program ("IHP").  Petitioner states that the IHP is a "coordinated effort by the Bureau, the Immigration and Customs Enforcement (ICE) and the Executive Office for Immigration Review (EOIR), to provide deportation, exclusion, or removal proceedings to sentenced aliens."  *See* Dkt. No. 1 at 4.  Petitioner states that because immigration hearings are held for only a few inmates prior to release from the Federal Bureau of Prisons' ("BOP") custody, he will "continue to languish in Federal custody

---

[1] Petitioner's motion was originally filed pursuant to 28 U.S.C. § 2241.  *See Santana-Medera v. United States*, No. 9:11-CV-1354, Dkt. No. 1 (filed Nov. 17, 2011).

upon release from BOP custody for a period that sometimes takes anywhere from 30 to 90 days and at times even longer" past the expiration date of his sentence. *See id.* at 4. Petitioner asks that the Court direct "Respondents to implement IHP hearings at the Cibola Correctional Center," and to allow him to "participate in an IHP hearing prior to his release." *See id.* at 7.

A writ of habeas corpus may be granted by district courts within their respective jurisdictions. *See* 28 U.S.C. § 2241(a). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. *See* 28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Additionally, under traditional rules for bringing a civil action in which a defendant is an officer or employee of the United States, venue is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e); *see United States v. Armstrong*, No. 99-CR-997, 2011 WL 292018, *5 (S.D.N.Y. Jan. 28, 2011) (applying 28 U.S.C. § 1391(e) in the habeas context).

Petitioner has not alleged any facts to suggest that his habeas petition challenging procedures in place at the Cibola Correctional Center, where he is currently confined, is properly brought in the Northern District of New York. The proper venue for these claims is in the District of New Mexico. *See Rumsfeld*, 542 U.S. at 443 (holding that, with respect to "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Accordingly, Petitioner's habeas petition is dismissed. *See* 28 U.S.C. § 1406(a); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer [under 28 U.S.C. § 1406(a)] is appropriate lies within the

sound discretion of the district court" (citation omitted)).

**WHEREFORE**, the Court hereby

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** to bringing the action in the appropriate venue; and the Court further

**ORDERS** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: March 2, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge